UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN GUILMETTE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNUM LIFE INSURANCE )<br>COMPANY OF AMERICA, )<br>UNUMPROVIDENT CORPORA- )<br>TION and STRATUS COMPUTER, )<br>INC., a wholly owned subsidiary of )<br>Ascend Communications, Inc. )<br>GROUP LONG TERM )<br>DISABILITY PLAN, )<br>)<br>Defendants ) | Civil No. 04-40201 |

# ANSWER

Defendants Unum Life Insurance Company of America ("Unum"), UnumProvident Corporation ("UnumProvident") and Stratus Computer, Inc., a wholly owned subsidiary of Ascend Communications, Inc. Group Long Term Disability Plan (collectively "Defendants") answer Plaintiff's Complaint as follows:

## INTRODUCTION

1. Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit that Plaintiff challenges Unum's practices and decisions in relation to his claim as set forth in Paragraph 2 of Plaintiff's Complaint; Defendants deny the truth of such allegations.

{W0315823 1}

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff has filed this action to seek the identified remedies, but they deny that he is entitled to such remedies.

## JURISDICTION

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which no response is required.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required.

9. Defendants deny that UnumProvident is the "holding company for Unum" and admit the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny that the Plan was "issued by Unum to Stratus Computer, Inc." Defendants are without knowledge or information sufficient to form a belief as to the location of Stratus' principal place of business or the identity of its corporate parents. Defendants admit the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

## STATEMENT OF FACTS

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and Defendants deny any allegations to the contrary.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and Defendants deny any allegations to the contrary.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and Defendants deny any allegations to the contrary.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and Defendants deny any allegations to the contrary.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and Defendants deny any allegations to the contrary.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and Defendants deny any allegations to the contrary.

21. In response to Paragraph 21 of Plaintiff's Complaint, Defendants state that the terms of the Plan speak for themselves, and Defendants deny any allegations to the contrary.

**Ms. Guilmette's Claim for LTD Benefits**

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

**Ms. Guilmette's Medical History**

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of Plaintiff's Complaint; Defendants deny that that diagnosis was correct and/or relevant to Plaintiff's claim for benefits.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants admit they received medical records dated January 1992, the contents of which speak for themselves and deny any allegations to the contrary.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## Elimination of Depression as a Diagnosis and Exploration of the Diagnoses of Fibromayalgia and Chronic Fatigue Syndrome

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

**Application for Disability Benefits**

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants admit the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants admit the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. In response to Paragraph 42 of Plaintiff's Complaint, Defendants admit that Unum sent a letter to Ms. Guilmette dated May 26, 2000, the contents of which speak for themselves.

43. In response to Paragraph 43 of Plaintiff's Complaint, Defendants admit Unum sent Ms. Guilmette a letter dated July 3, 2002, the contents of which speak for themselves.

44. Defendants admit the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. In response to Paragraph 45 of Plaintiff's Complaint, Defendants admit that Unum sent a letter to Ms. Guilmette dated April 25, 2003, the contents of which speak for themselves.

46. In response to Paragraph 46 of Plaintiff's Complaint, Defendants admit that Unum received a letter dated August 1, 2003, the contents of which speak for themselves.

47. In response to Paragraph 47 of Plaintiff's Complaint, Defendants admit that Unum sent a letter to Ms. Guilmette's counsel dated September 30, 2003, the contents of which speak for themselves.

### Ms. Guilmette's Attempt to Perfect Her Appeal and Unum's Breach of Its Fiduciary Duty

48. Defendants admit Ms. Guilmette's counsel wrote Unum a letter dated November 17, 203, the contents of which speak for themselves.

49. Defendants admit the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendants admit Ms. Guilmette's counsel wrote Unum a letter dated July 13, 2004, the contents of which speak for themselves.

51. Defendants admit Plaintiff submitted an affidavit, the contents of which speak for themselves; Defendants deny the remaining material allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. In response to the allegations contained in Paragraph 55 of Plaintiff's Complaint, Defendants admit Plaintiff sent a letter to Thomas Watjen, the CEO of UnumProvident, dated July 2004, the contents of which speak for themselves

56. Defendants admit Unum sent a letter to Ms. Guilmette's counsel dated July 20, 2004, the contents of which speak for themselves.

57. Defendants admit Ms. Guilmette's counsel wrote Unum a letter dated August 6, 2004, the contents of which speak for themselves.

58. Defendants admit Unum sent a letter to Ms. Guilmette's counsel dated August 18, 2004, the contents of which speak for themselves.

59. Defendants admit Ms. Guilmette's counsel wrote Unum a letter dated August 20, 2004, the contents of which speak for themselves.

60. Defendants admit Unum sent a letter to Ms. Guilmette's counsel dated August 23, 2004, the contents of which speak for themselves.

61. Defendants admit Ms. Guilmette's counsel wrote Unum a letter dated August 24, 2004, the contents of which speak for themselves.

62. Defendants admit Unum sent a letter to Ms. Guilmette's counsel dated August 30, 2004, the contents of which speak for themselves.

63. Defendants admit Unum sent a letter to Ms. Guilmette's counsel dated September 13, 2004, the contents of which speak for themselves.

64. Defendants admit the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Complaint.

**Ms. Guilmette's Current Medical Condition**

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint.

**Social Security Disability**

70. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendants admit the allegations contained in Paragraph 72 of Plaintiff's Complaint.

**Unum's Review of Ms. Guilmette's Claim**

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendants admit the allegations contained in Paragraph 87 of Plaintiff's Complaint.

### FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan
### Action for Unpaid Benefits)
### (ALL DEFENDANTS)

88. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 87 of Plaintiff's Complaint.

89. Defendants state that Paragraph 89 of Plaintiff's Complaint states a legal conclusion to which no response is required.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. In response to Paragraph 91 of Plaintiff's Complaint, Defendants admit that 29 U.S.C. § 1132(a)(1)(B) is quoted correctly.

92. Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

{W0315823.1}

11

## SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

97. Defendants repeat and reassert with the same force and effect as if set forth in full herein their answers to the allegations contained in Paragraphs 1 through 96 of Plaintiff's Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendants admit the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, exclusions, and other provisions of the Policy.

## FOURTH DEFENSE

Defendants have complied with and performed all of their promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

The demand for attorneys' fees should not be granted under ERISA because Defendants' handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SIXTH DEFENSE

Each and every act or statement done or made by Defendants and its officers, employees and agents with reference to Plaintiff was a good-faith assertion of Defendants' rights and, therefore, was privileged and/or justified.

## SEVENTH DEFENSE

The Policy contains monthly benefits reductions, including but not limited to reductions for Worker's or Workmen's Compensation awards and Social Security benefits.

## EIGHTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which Defendants deny, such determinations to do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## NINTH DEFENSE

Defendant Unum's decisions were neither arbitrary nor capricious.

## TENTH DEFENSE

The nature of relief sought by Plaintiff is unavailable under ERISA.

## REQUESTED RELIEF

Defendants respectfully request: (i) that the Court dismiss the claims against them with prejudice and that judgment be entered in Defendants' favor on such claims; (ii) that Defendants be awarded their costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Dated: February 3, 2005

_/s/ Geraldine G. Sanchez_
Geraldine G. Sanchez
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorney for Defendants
Unum Life Insurance Company of America
UnumProvident Corporation
Stratus Computer, Inc., a wholly owned subsidiary of Ascend Communications, Inc.
Group Long Term Disability Plan

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for Plaintiff, via overnight mail, postage prepaid, addressed as follows:

> Mala M. Rafik, Esq.
> Rosenfeld & Rafik
> 44 School Street
> Boston, MA 02108

DATED: February 3, 2005

_____
Geraldine G. Sanchez

PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
(207) 791-1100