UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUSAN GUILMETTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-40201 |
| | ) | |
| UNUM LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| UNUMPROVIDENT CORPORA- | ) | |
| TION and STRATUS COMPUTER, | ) | |
| INC., a wholly-owned subsidiary of | ) | |
| Ascend Communications, Inc. | ) | |
| GROUP LONG TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S ASSENTED-TO MOTION TO STAY

Plaintiff Susan Guilmette ("Ms. Guilmette"), with the assent of the defendants Unum Life Insurance Company of America, Unum Provident Corporation and Stratus Computer, Inc., a wholly-owned subsidiary of Ascend Communications, Inc. Group Long Term Disability Plan (collectively referred to as "Defendants"), hereby requests that the Court stay this action and states:

1.  **Nature of the Action.** Ms. Guilmette seeks to recover disability benefits under a group insurance policy issued by Defendant Unum Life Insurance Company of America ("Unum") to Guilmette's employer pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically 29 U.S.C. §1132(a)(1)(B).

2.  **Procedural Background.** Ms. Guilmette filed the action on or about October 6, 2004. Unum answered on February 3, 2005. A scheduling conference in this matter is currently

{W0320207.1}

scheduled for March 25, 2005. Since filing her Complaint, Ms. Guilmette received notice that she was eligible to have her claim reassessed under a Regulatory Settlement Agreement (the "RSA") between Unum and the Superintendent of the State of Maine Bureau of Commerce and Insurance, the Commissioner of the Tennessee Department of Insurance, the Commissioner of the Massachusetts Division of Insurance, the insurance regulators of the remaining states who agreed to the RSA and the United States Department of Labor. (*See* Exhibit A for a copy of the "Unum Settlement Agreement".)

3.      **Grounds for Stay.**  Ms. Guilmette desires to pursue the non-judicial remedy that was just recently made available to her under the RSA. Under the RSA, Unum agreed to provide a claim reassessment process for an identified class of claimants who seek review of earlier decisions of their claims. Implementation of the RSA was triggered by the approval of at least two-thirds of the states participating in the multi-state examination from which the RSA arose. Massachusetts has approved the RSA. Following the requisite approval, Unum initiated the review process by mailing to the specified claimants a notice that they may resubmit their claim for review by a claim reassessment unit established in accordance with the RSA. Ms. Guilmette received her notice under the RSA on or about January 14, 2005. Ms. Guilmette has elected to submit her claim for review under the RSA.

The RSA offers an entirely optional method for Ms. Guilmette to have her claim reassessed. If the reassessment results in a reversal or other change in the prior decision terminating Ms. Guilmette's claim for benefits, Ms. Guilmette cannot pursue legal action to the extent (and only to the extent) such action is based on any aspect of the prior denial or termination that is reversed or changed. To the extent that following the reassessment there remains a complete or partial denial of benefits, Ms. Guilmette's right to initiate or continue

2

litigation regarding that portion of the prior denial that has not been reversed or changed shall not be waived.

Any applicable statute of limitations shall be tolled during the reassessment process.

As provided for in the Multistate Settlement, Ms. Guilmette shall preserve certain rights to attorneys' fees. As to any part of the prior denial that is reversed or changed, the parties shall attempt to reach an agreement for payment to Ms. Guilmette of reasonable attorneys' fees. If however, the parties cannot reach such an agreement on fees, then Ms. Guilmette shall not be prejudiced from pursuing such fees in a court of law.

Because Ms. Guilmette has elected to submit her claim to reassessment, Unum has, in accordance with the terms of the RSA, required that she take whatever action is necessary to stay this lawsuit pending the reassessment process, subject to Court approval. Staying the litigation makes practical sense since the reassessment might moot the claims in the lawsuit.

It is estimated that the reassessment process may involve upwards of 200,000 claims. The claims with the oldest denial or termination dates are to be reassessed first. Unum is to use its best efforts to complete the reassessment process by December 31, 2006. At this very early stage of the process, however, it is not possible to tell when Guilmette's claim might by reassessed. Consequently, simply asking for an extension of the current scheduling deadlines is not practical.

4.   **Relief Requested.** The parties respectfully request that the Court stay the action pending completion of the reassessment of Ms. Guilmette's claim under the RSA, pursuant to the terms set forth above.

3

Dated: March 21, 2005

_____
Mala M. Rafik, BBO #638075
Rosenfeld & Rafik
44 School Street
Boston, MA  02108

FOR PLAINTIFF
SUSAN GUILMETTE

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for Defendant, via electronic mail, addressed as follows:

>Geraldine G. Sanchez, Esq.
>Pierce Atwood LLP
>One Monument Square
>Portland, Maine 04101

DATED:  March 21, 2005

_____
Mala M. Rafik