## EXHIBIT 1

## CLAIM REASSESSMENT PROCESS, UNIT STRUCTURE AND OPERATING PROCEDURES

Exhibit 1 is responsive to Paragraph B.2.a of the Regulatory Settlement Agreement

### I. Purpose

In accordance with the Regulatory Settlement Agreements (the "Agreements") entered into by Unum Life Insurance Company of America, The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, the Lead Regulators and Participating Regulators, and the U.S. Department of Labor, and in accordance with a substantially identical regulatory settlement agreements entered into by First Unum Life Insurance Company, the New York Superintendent of Insurance, the Lead Regulators and the United States Department of Labor, a Claim Reassessment Process (the "Reassessment Process") and a Claim Reassessment Unit (the "CRU") have been established. This document describes the Reassessment Process and the structure and operating procedures of the CRU. Unum Life Insurance Company of America, The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, First Unum Life Insurance Company and Provident Life and Casualty Insurance Company shall be referred to herein as "the Companies".

### II. Reassessment Process

a. **Specified Claimant**: "Specified Claimant" is defined in Paragraph B.2.b. of the Agreements.

b. **Initial Notice to Specified Claimants**: Beginning earlier and ending no later than the fifteenth business day following the Implementation Date under the Agreements , the Companies will mail an Initial Notice to Specified Claimants advising them that they may have their claim reassessed by the CRU. The Initial Notice will be dated no earlier than the date that it is posted in the mail. Specified Claimants electing to participate must respond to the Initial Notice within 60 days of the date of the Initial Notice. The form of notices are set forth in Attachment A-1 and Attachment A-2 to this Exhibit. With respect to any Specified Claimants whose mailed notice is returned as undeliverable, the Company shall use reasonable efforts to obtain a more recent address through appropriate means to locate individuals including additional letter-forwarding services offered by the United States Postal Service, the Internal Revenue Service and Social Security Administration and the date for response shall be adjusted accordingly..

c. **Acknowledgement**: Specified Claimants who respond that they would like their claim reassessed (a "Confirmed Claimant") will have their response acknowledged in writing within 30 days of receipt of the response.

d. **Reassessment Information Form**: Prior to the date when the CRU will begin reassessing a Confirmed Claimant's claim, the Confirmed Claimant will be sent a letter stating the approximate time for review of his or her claim. The Confirmed Claimant will also receive a Reassessment Information Form requesting information to support the reassessment of the claim in question. All Reassessment Information Forms must be returned within 60 days of the date of cover letter to the Reassessment Information Form, which will also be a date that is no earlier than the date the letter is posted in the mail, in order to be considered by the CRU, unless the Confirmed Claimant requests in writing an extension and explains why such an extension is needed. The cover letter is set forth as Attachment B to this Exhibit and the Reassessment Information Form is set forth in Attachment C to this Exhibit.

e. **Acknowledgement**: Confirmed Claimants who return their Reassessment Information Forms will be sent an acknowledgement of the receipt of the completed form within 30 days of its receipt or a request for specific information needed to complete the form in order for the CRU to review the claim.

f. **Requesting Claimants**: "Requesting Claimants" means (i) those claimants whose claims were denied or terminated prior to January 1, 2000 and no earlier than January 1, 1997 and the claimant would otherwise be included within the definition of "Specified Claimant" except for the application of the January 1, 2000 date, and (ii) those claimants whose claims were denied or terminated on or after January 1, 1997 and prior to the Implementation Date who dispute the Companies' characterization on any rational basis that such denial or termination falls into any of the reasons outlined in (i) – (iv) of the definition of "Specified Claimant" and in both cases are entitled under Paragraph B.2.b. of the Agreements to request to have their claim reassessed. Claimants who come within the definition of Requesting Claimants must make a request to the Company within 180 days following the Implementation Date. Requesting Claimants who make a request within this time period will be provided a procedure that is essentially identical to that described in Paragraphs II. c. though II. e. above, and as otherwise generally described in this Exhibit 1 for Confirmed Claimants, except that the reassessment process for Requesting Claimants will begin after the reassessment of the Confirmed Claimants is substantially complete. The reassessment schedule for Requesting Claimants will begin with the oldest of the claims of the Requesting Claimants that were denied or terminated being reassessed first. Tracking data on Requesting Claimants will be kept separate from that of Confirmed Claimants.

## III. Claim Reassessment Unit:

a. **Structure of CRU**: The CRU will operate as a unit of the Benefit Center and will report to the most senior executive in charge of claim operations. The CRU will be staffed with personnel who have experience with group and/or individual long

term disability claims handling. Other staff available to the CRU will include clinical consultants (nurses), physicians, vocational rehabilitation specialists and attorneys. The staffing of the CRU will be based on the number of individuals needed to review and investigate, within a two year period, all requests for reassessment submitted by Confirmed Claimants.

b. **Claim Review Schedule:** The CRU will review the claims of Confirmed Claimants based upon the date the claim was originally denied or terminated with the oldest claims being reviewed first.

c. **Standard of Review:** The CRU will apply a de novo standard of review using the claims handling procedures, including those provided for in the Regulatory Settlement Agreement which will have been implemented as of the date of any reassessment by the CRU.

d. **Investigation and Decision Process:** The CRU will gather any appropriate information not contained in the claim file or in information provided by the Confirmed Claimant including, but not limited to, medical, occupational and financial information. Medical analysis will involve utilizing internal and external resources as appropriate, including peer calls and independent medical examinations and will adhere to established protocols. Once a claim decision is determined, it will be reviewed by either the Manager of the CRU or a Quality Compliance Consultant, as appropriate, and communicated to the Confirmed Claimant.

e. **Reopened Claims:** Any claim that is reopened and will require additional claim handling will be referred to the appropriate unit of claims operations.

f. **Tracking and Reporting:** The CRU will electronically track information related to the Claim Reassessment Process. The information will include, but not be limited to:

   i. Names of Specified Claimants and state of residence
   ii. Date of Mailing Initial Notice to Specified Claimants
   iii. Names of Confirmed Claimants
   iv. Date Acknowledgement sent to Confirmed Claimants
   v. Date Reassessment Information Form sent
   vi. Date completed Reassessment Form is received.
   vi. Beginning date for reassessment of each Confirmed
      Claimant's claim.
   vii. Decision date for each reassessment.
   viii. Outcomes of reassessment decisions.

Matters listed above that involve mailings to the claimant will be dated no earlier than the date in which they are posted in the mail. Reports will be provided to the Regulatory Compliance Unit and will be produced to reflect results on a state by state basis using the residence of the claimant as the basis of the state for which a claim is reported as well as on a group basis.

**IV. Monitoring of Claim Reassessment Process and CRU**

a. The Regulatory Compliance Unit will request that internal audits of the CRU process and decision-making be conducted on a quarterly basis, and establish a schedule of internal audits, including the number of reassessed files and other subjects to be audited. These internal audits will be conducted by the internal audit unit under guidelines approved by the Senior Vice President of the Claims Operations. The results of those audits will be provided to the Regulatory Compliance Unit for reporting to the Regulatory Compliance Committee of the Parent Company's Board of Directors, the Lead Regulators and Senior Management of the Parent Company.

b. **Lead Regulator Review**: Decisions by the CRU and its procedures are also subject to review by the Lead Regulators and the DOL as they deem appropriate.

## EXHIBIT 1 -- ATTACHMENT A-1

## (GENERAL NOTICE TO CLAIMANTS ELIGIBLE FOR REASSESSMENT)

[Date]

[Name]
[Address]
[Address]

Re: Claim No. _____

Dear [personalized]:

As part of a multistate settlement with insurance regulators and the United States Department of Labor (the "DOL"), The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, First UNUM Life Insurance Company and UNUM Life Insurance Company of America ("the Companies") have agreed to implement a Claim Reassessment Process, under which your long term disability claim as captioned above has been determined to be eligible. For that reason, if you believe that you may be eligible for benefits for which you have not been paid, you are entitled to request that the Companies review their previous decision to deny your disability income claim or terminate benefits being paid on such claim. The settlement with insurance regulators and the DOL sets forth the procedures under which the Companies will conduct the Claim Reassessment Process. This Process will be monitored by the insurance regulators and, as to claimants who are or were covered under an employee benefit plan, by the DOL. A copy of the Regulatory Settlement Agreement is available on the website of UnumProvident Corporation.

If you wish to elect to participate in the Claim Reassessment Process, you must do one of the following within 60 days of the date of this letter:

- Fill out and return the enclosed sheet in the envelope provided; OR
- Visit www.unumprovident.com/[TO BE DETERMINED] with your claim number ready (provided at the top of this page); OR
- Place a toll-free call to 800.xxx.xxxx and provide your name, current address and claim number. This phone number is provided for your convenience in making your election to participate, but no other information is available currently through this special temporary line.

Your decision to participate in the Claim Reassessment Process will be acknowledged by the Companies.

The Companies will review claims of those electing to participate based on the

original dates of when the claim was denied or closed with the oldest closure dates being reviewed first. The Companies will send you a second notice at a time that is closer to the period when your claim will be reviewed indicating the approximate time period of that review and requesting that you complete and return a Reassessment Information Form to provide information needed for the review of your claim.

Once you have completed and returned your Reassessment Information Form, the Companies will acknowledge its receipt and indicate any specific information that is still needed in order for the Companies to reassess your claim. Once our prior claim decision has been reassessed and any additional investigation is completed, the Companies will advise you in writing whether your claim will be re-opened and further benefits paid.

You are under no obligation to participate in the Claim Reassessment Process. Should you decide not to participate you will not lose any rights that you otherwise have. However, should you choose to participate, you will need to agree that if (and only if) the reassessment results in a reversal or other change in our prior decision denying or terminating benefits, you will not pursue legal action against the Companies to the extent (and only to the extent) such action would be based on any aspect of the prior denial or termination that is reversed or changed.

If you have already commenced legal action relating to your prior claim(s) decision, please provide a copy of this letter to your attorney as soon as possible so that he or she might advise you concerning the alternatives. If, after consulting with your attorney, you decide to participate in the reassessment, you will need to agree to take such action as is necessary to seek to stay such litigation pending the outcome of the reassessment process. If the court does not agree to a stay and a final verdict or judgement is entered prior to completion of the reassessment, the Company will have no further obligation to reassess your claim. If the court stays the litigation relating to your claim, you will need to agree that if (and only if) the reassessment results in a reversal or other change in the prior decision denying or terminating benefits, you will withdraw and dismiss with prejudice your litigated claim, including extracontractual claims, to the extent (and only to the extent) such claims are based on any aspect of the prior denial or termination that is reversed or changed. In other words, to the extent that following the reassessment there remains a complete or partial denial of benefits, a claimant's right to initiate or continue litigation regarding that portion of the prior denial that has not been reversed or changed shall not be waived. As to any portion of a prior denial that is reversed or changed and you have agreed to withdraw the action as described above, the Company will attempt to reach agreement with you regarding the payment of any reasonable attorney's fee to which you may be entitled under law, and if we are unable to reach such an agreement, you will not be prejudiced from pursuing such fees in a court of law. After you have discussed this with your attorney, we encourage your attorney to contact the attorney representing the Company to discuss these matters so that you might make an informed decision regarding participation in the reassessment process and your other alternatives.

These agreements relating to commencing legal action and any pending litigation, which will be included with the Reassessment Information Form for you to sign, will not apply to the extent that our prior decision denying or terminating benefits is not reversed as a result of the Claim Reassessment Process and any applicable statute of limitations will be tolled during the pendency of the reassessment process..

Sincerely,

[Name]
[Title]

## EXHIBIT 1 -- ATTACHMENT A-2

## (NOTICE TO CLAIMANTS W/CLAIM CLOSURE CODED AS RTW)

[Date]

[Name]
[Address]
[Address]

Re: Claim No. _____

Dear [personalized]:

As part of a multistate settlement with insurance regulators and the United States Department of Labor (the "DOL"), The Paul Revere Life Insurance Company, Provident Life and Accident Insurance Company, Provident Life and Casualty Insurance Company, First UNUM Life Insurance Company and UNUM Life Insurance Company of America ("the Companies") have agreed to implement a Claim Reassessment Process, under which your long term disability claim as captioned above *may* be eligible.

Our records show you returned to work and that places you in a special category relating to eligibility for the Claim Reassessment Process. If you believe your claim was *inappropriately denied or terminated* you may be eligible for benefits for which you have not been paid and are entitled to request that the Companies review their previous decision to close your claim. The settlement with insurance regulators and the DOL sets forth the procedures under which the Companies will conduct the Claim Reassessment Process. This Process will be monitored by the insurance regulators and, as to claimants who are or were covered under an employee benefit plan, by the DOL. A copy of the Regulatory Settlement Agreement is available on the website of UnumProvident Corporation.

If you wish to elect to participate in the Claim Reassessment Process, you must do one of the following within 60 days of the date of this letter:

- Fill out and return the enclosed sheet in the envelope provided; OR
- Visit www.unumprovident.com/[TO BE DETERMINED] with your claim number ready (provided at the top of this page); OR
- Place a toll-free call to 800.xxx.xxxx and provide your name, current address and claim number. This phone number is provided for your convenience in making your election to participate, but no other information is available currently through this special temporary line.

Your decision to participate in the Claim Reassessment Process will be acknowledged by the Companies.

The Companies will review claims of those electing to participate based on the original dates of when the claim was denied or closed with the oldest closure dates being reviewed first. The Companies will send you a second notice at a time that is closer to the period when your claim will be reviewed indicating the approximate time period of that review and requesting that you complete and return a Reassessment Information Form to provide information needed for the review of your claim.

Once you have completed and returned your Reassessment Information Form, the Companies will acknowledge its receipt and indicate any specific information that is still needed in order for the Companies to reassess your claim. Once our prior claim decision has been reassessed and any additional investigation is completed, the Companies will advise you in writing whether your claim will be re-opened and further benefits paid.

You are under no obligation to participate in the Claim Reassessment Process. Should you decide not to participate you will not lose any rights that you otherwise have. However, should you choose to participate, you will need to agree that if (and only if) the reassessment results in a reversal or other change in our prior decision denying or terminating benefits, you will not pursue legal action against the Companies to the extent (and only to the extent) such action would be based on any aspect of the prior denial or termination that is reversed or changed.

If you have already commenced legal action relating to your prior claim(s) decision, please provide a copy of this letter to your attorney as soon as possible so that he or she might advise you concerning the alternatives. If, after consulting with your attorney, you decide to participate in the reassessment, you will need to agree to take such action as is necessary to seek to stay such litigation pending the outcome of the reassessment process. If the court does not agree to a stay and a final verdict or judgement is entered prior to completion of the reassessment, the Company will have no further obligation to reassess your claim. If the court stays the litigation relating to your claim, you will need to agree that if (and only if) the reassessment results in a reversal or other change in the prior decision denying or terminating benefits, you will withdraw and dismiss with prejudice your litigated claim, including extracontractual claims, to the extent (and only to the extent) such claims are based on any aspect of the prior denial or termination that is reversed or changed. In other words, to the extent that following the reassessment there remains a complete or partial denial of benefits, a claimant's right to initiate or continue litigation regarding that portion of the prior denial that has not been reversed or changed shall not be waived. As to any portion of a prior denial that is reversed or changed and you have agreed to withdraw the action as described above, the Company will attempt to reach agreement with you regarding the payment of any reasonable attorney's fee to which you may be entitled under law, and if we are unable to reach such an agreement, you will not be prejudiced from pursuing such fees in a court of law. After you have discussed this with your attorney, we encourage your attorney to contact the attorney representing the Company to discuss these matters so that you might make an informed decision regarding participation in the reassessment process and your other alternatives.

These agreements relating to commencing legal action and any pending litigation, which will be included with the Reassessment Information Form for you to sign, will not apply to the extent that our prior decision denying or terminating benefits is not reversed as a result of the Claim Reassessment Process and any applicable statute of limitations will be tolled during the pendency of the reassessment process..

Sincerely,

[Name]
[Title]

# ATTACHMENT B

[Date]

[Name]
[Address]
[Address]

Re: Claim No. _____

Dear [personalized]:

You previously elected to participate in our Claim Reassessment Process with respect to the captioned claim. As we previously indicated, we are proceeding with the reassessment of claims based on their original dates of denial or closure. We are now ready to begin the reassessment of your claim, and appreciate your patience.

Our records indicate that your claim was closed or terminated on _____. We ask for your assistance in ensuring that your claim file is updated beyond that date, including your work history, medical information and details of other income or earnings you have received. Please use the attached Reassessment Information Form to provide this information. Also, please include any additional information you feel would be helpful to assist us in reassessing your claim.

The instructions on the Reassessment Information Form explain where to send your completed form. You will need to complete and return your Reassessment Information Form within 60 days of the date of this letter, which is no earlier than the date we will post it in the mail. We will send you an acknowledgement notifying you that we have received your completed Reassessment Information Form within 30 days of its receipt. If you need additional time to complete the Reassessment Information Form, please provide your reasons for needing an extension of time in writing to us within 60 days of the date of this letter.

Prior to reassessment of your claim, you must sign the Reassessment Information Form in each of the indicated places. This will confirm your agreement that if (and only if) the reassessment results in a reversal or other change in our prior decision denying or terminating benefits, that you will not pursue legal action against the Company to the extent (and only to the extent) such action would be based on any aspect of the prior denial or termination that is reversed or changed. It will also confirm your agreement that if you have already commenced legal action relating to your prior claim(s) decision, you will seek to stay such litigation pending completion of the reassessment of your claim, and your further agreement that if (and only if) the reassessment results in a reversal or other change in the prior decision denying or terminating benefits, then you will withdraw any litigated claim, including extracontractual claims to the extent, (and only to the extent) such claim is based on any aspect of the prior denial or termination that is

reversed or changed. In other words, to the extent that following the reassessment there remains a complete or partial denial of benefits, a claimant's right to initiate or continue litigation regarding that portion of the prior denial that has not been reversed or changed shall not be waived.

If we do not receive your completed Reassessment Information Form or request for extension within the timeframe noted above, we will assume that you no longer wish to participate in the Claim Reassessment Process and your claim will remain closed.

Once we have received your Reassessment Information Form and any other information we need to review, the reassessment of your claim could take from four to twelve weeks, depending on the complexity of your particular situation. We will contact you regarding any additional information that we may need. While your claim will be given a thorough review, please understand that participation in the Claim Reassessment Process does not necessarily mean that you will receive benefits or that a different decision will be reached.

If you have any questions regarding your claim and the Claim Reassessment Process, please feel free to call (1-800-___-____). Thank you very much for your cooperation.


Sincerely,



**Reassessment Information Form**
**Mail to**: UnumProvident Claim Reassessment Unit
      PO Box xxx, Portland, ME 04104-5028

**Claim Questions**: 1-866-xxx-xxxx

**Fax to**: 1-866-xxx-xxxx

**_REASSESSMENT INFORMATION FORM_**           **Attachment C**

Instructions: Please follow the instructions below for each section. The information you provide will assist us in reassessing your claim. If your condition prevents your being able to provide certain information requested, please call 1-866-xxx-xxxx for assistance.

   A.  Claimant Statement: Provide an update of certain personal information as indicated in this section.

   B.  Employment Statement: Provide details regarding any work activity from the date your claim was closed through the present. Depending on the terms of your policy, to qualify for benefits you may need to demonstrate a loss of functional duties and/or a loss in income. In order to properly assess your claim we will need to have information regarding all work you have performed. If you are claiming a loss in income while working, provide all supporting documentation available including tax returns and related IRS Forms W-2 and/or 1099; otherwise, this financial information is not needed to reassess your claim.

   C.  Medical Information Details: Provide all details regarding medical treatment received since your claim was closed. This enables us to obtain any additional medical information we may need from your medical treatment providers. To assist us in the Claim Reassessment Process, enclose any medical records or information you may have in your possession. Medical information after the date your claim was closed is necessary to the extent you are claiming disability beyond the date when your claim was closed.

   D.  Other Income Benefits: Provide us with details concerning any other income benefits you may have received or are receiving. Please complete this section of the form and attach any supporting information you may have, including benefit awards, summaries etc.

       *You must sign and date each of the following sections of the form in order for us to begin the Claim Reassessment Process.*

   E.  Certification: Sign and date this form.

   F.  Conditional Waiver and Release: Sign and date this form.

   G.  Authorization: Sign and date this form.

Also please enclose any additional information that you feel will assist us in reassessing your claim.

The completed form should be sent to:
         UnumProvident
         Claim Reassessment Unit
         PO Box XXXX
         Portland, Maine 04104-5028



# Reassessment Information Form

**Mail to**:  UnumProvident Claim Reassessment Unit
         PO Box xxx, Portland, ME 04104-5028

**Claim Questions:**  1-866-xxx-xxxx

**Fax to:** 1-866-xxx-xxxx

**A. CLAIMANT'S PERSONAL INFORMATION (PLEASE PRINT)**

| Claimant's Name (as printed on your Social Security Card) | Home Telephone Number Including Area Code | Date of Birth | Social Security Number ___ - ___ - ___ |
|---|---|---|---|
| | | □ Male<br>□ Female | |

| Home Address (Street, City, State, Zip) |
|---|
| |

| Policy Number: | Claim Number: |
|---|---|

| Preferred e-mail address where you can be reached |
|---|



# Reassessment Information Form

**Mail to**: UnumProvident Claim Reassessment Unit
         PO Box xxx, Portland, ME 04104-5028

**Claim Questions:** 1-866-xxx-xxxx

**Fax to:** 1-866-xxx-xxxx

---

Explain why you believe that our previous decision to deny or terminate your claim was incorrect.